PARKER | DANIELS | KIBORT

May 13, 2024

**VIA CM/ECF**
Office of the Circuit Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re: *Lake et al. v. Hobbs et al.,*
Case No. 23-16022
Date of Oral Argument: July 2024

Dear Circuit Clerk:

Pursuant to Fed. R. App. P. 28(j), Appellants direct the Court's attention to the attached May 2, 2024 unanimous decision of the Arizona Supreme Court in *Arizona Republican Party v. Richer*, no. CV-23-0208-PR, an election-related lawsuit in which an award of attorney fee sanctions against the plaintiff attorneys was reversed on appeal. The decision relates to the issues in this appeal in several ways.

First, the court rejected the theory that a lawsuit is sanctionable if its allegations may cast doubt on the reliability of election procedures. It explained, instead, that the availability of litigation to vindicate rights related to elections is "important to maintaining public confidence in elections." *Id.* ¶ 44. "'[R]aising questions' by petitioning our courts to clarify the meaning and application of our laws and noting the potential consequences of the failure to do so — particularly in the

ANDREW D. PARKER
CHRISTOPHER M. DANIELS
JESSE H. KIBORT
LORI A. JOHNSON
ALEC J. BECK
JOSEPH A. PULL
CHRISTOPHER C. GRECIAN
CODY J. BLADES
JORDON C. GREENLEE
ABRAHAM S. KAPLAN
GREGORY N. ARENSON
AMANDA K. OLIVER

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100

**PARKER | DANIELS | KIBORT**

May 13, 2024
Page 2

context of our elections – is never a threat to the rule of law, even if the claims are charitably characterized as 'long shots.'" *Id.* ¶ 49. Here, Appellants argue that the District Court erroneously sanctioned them for allegedly "baselessly undermin[ing] public trust at a time of increasing disinformation about, and distrust in, the democratic process." 1-ER-58; Appellants' Br. at 13-15, 63-64; Reply Br. at 20.

Second, the court addressed what constitutes frivolousness, holding that even a "long shot" claim is not groundless or frivolous if it is "fairly debatable." *See Ariz. Repub. Party* ¶¶ 15, 24. While the court applied A.R.S. § 12-349, it confirmed that the standard under Arizona Rule 11 is the same. *See id.* ¶ 40. Application of Arizona Rule 11 is properly comparable to Federal Rule 11. *Cf.* Ariz. R. Civ. P. 11(b) *with* Fed. R. Civ. P. 11(b). The meaning of frivolousness is raised in Appellants' Brief at 16, 19, 34-35, and 42, and Appellants' Reply at 6, 9, and 12-13.

Third, the court indicated that only "extraordinary circumstances" would "render the equitable defense of laches a source of objective legal groundlessness." *Ariz. Repub. Party* ¶ 33. Alleged improper delay is an issue in this appeal. Appellants' Br. 61-63; Appellees' Br. 33.

                                        Sincerely,

                                        */s/ Andrew D. Parker*
                                        Andrew D. Parker

## CERTIFICATE OF SERVICE

I hereby certify that I electronically served the foregoing with the Clerk of the Court for United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 13, 2024.

I further certify that all participants in this case are registered CM/ECF system users, and that service will be accomplished by the appellate CM/ECF system to the case participants.

*/s/ Andrew D. Parker*
Andrew D. Parker

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) and Ninth Circuit local rules because the body contains 348 words. The letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because the letter uses a proportionally-spaced serif face 14 points or larger, namely 14-point Times New Roman.

*/s/ Andrew D. Parker*
Andrew D. Parker